IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-72,127-08 AND WR-72,127-12






EX PARTE FELIPE RUBIO GASPAR, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 22481-A AND 22386-A IN THE 336TH DISTRICT COURT


FROM FANNIN COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary
of a habitation and aggravated assault and sentenced to 50 years' imprisonment and 20 years'
imprisonment, respectively. The Sixth Court of Appeals dismissed the appeals because the notices
of appeal were untimely filed. See Gaspar v. State, Nos. 06-08-00209-CR and 06-07-00207-CR,
(Tex. App. - Texarkana, 2008, no pet.) 

 Applicant contends that trial counsel rendered ineffective assistance because counsel failed
to timely file notices of appeal. Specifically, he alleges that trial counsel filed motions for a new trial
but did not file notices of appeal even though counsel promised that he would file the "appropriate
paperwork" to perfect the appeals. Applicant also alleges that the district clerk's office informed
appellate counsel that the notices of appeal had already been filed when appellate counsel inquired
into the status of the appeals. He alleges that by the time appellate counsel discovered that the
notices of appeal had not been filed, the deadline to file notices of appeal had already passed. He
alleges that his appeals were dismissed because of the untimely notices of appeal and seeks out-of-time appeals. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d) to resolve the fact issues. In the appropriate case, the trial court may rely on its personal
recollection. Id. The trial court shall order trial counsel to file an affidavit addressing: (1) whether
counsel promised that he would file the "appropriate paperwork" to perfect the appeals and, if so,
when; (2) whether counsel made any promises or representations to appellate counsel that he would
file the notices of appeal in these cases and, if so, when; and, (3) whether counsel believes that
appellate counsel's understanding that the notices of appeal had already been filed was objectively
reasonable and, if so, why. The trial court shall also order the district clerk to file an affidavit
addressing: (1) whether the clerk's records reflect that appellate counsel contacted the clerk's office
to find out the status of these appeals and, if so, when; (2) whether the clerk's office provided
appellate counsel with any information about the filing status of the notices of appeal and, if so, shall
detail such information. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right to 
meaningful appeals because counsel failed to timely file the notices of appeal. Specifically, the trial
court shall make findings of fact as to whether the trial counsel rendered ineffective assistance by
failing to timely file the notices of appeal. The trial court shall also make findings of fact as to
whether appellate counsel rendered ineffective assistance by failing to timely file the notices of
appeal. The trial court shall make findings of fact as to whether the untimely filing of the notices
of appeal was caused by a breakdown in the legal system. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed August 19, 2009

Do not publish